**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Action No. 20-cr-00198-NYW-6

UNITED STATES OF AMERICA,

      Plaintiff,

v.

6.     PETER BARON,

      Defendant.

---

**ORDER ON MOTION FOR EARLY TERMINATION OF PROBATION**

---

This matter is before the Court on the Motion for Early Termination of Probation filed on May 19, 2026 (the "Motion" or "Motion for Early Termination of Probation"). [Doc. 590]. In the Motion, Defendant Peter Baron ("Mr. Baron") asks the Court to terminate the remainder of his probationary sentence. For the reasons set forth in this Order, the Motion for Early Termination of Probation is **GRANTED**.

### BACKGROUND

On October 24, 2023, Mr. Baron was sentenced to four years of probation for Attempted Kidnapping and Aiding and Abetting in violation of 18 U.S.C. §§ 1201(d) and 2. *See* [Doc. 515 at 1–2]. Mr. Baron was also ordered to pay $17,890.95 in restitution to the victim, jointly and severally with his co-defendants. [*Id.* at 5–6]. Mr. Baron has completed about two and a half years of his four year probation.

On May 19, 2026, Mr. Baron filed, through counsel, his Motion for Early Termination of Probation. [Doc. 590]. The United States Probation Office ("USPO") does not oppose Mr. Baron's request, *see* [Doc. 592], and the Government supports the

request, [Doc. 593].  The Court finds that it may rule on the Motion without awaiting a reply brief.

## LEGAL STANDARD

By statute, a court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  In so doing, the court must "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id.*  Stated differently, a court may terminate a probationer's term early "*only if* the following three requirements are met:  (1) early termination is warranted by 'the interest of justice;' (2) early termination is warranted by 'the conduct of the defendant;' *and* (3) early termination would be consistent with the applicable § 3553(a) factors." *United States v. Rader*, No. 22-cr-00057-RCL, 2024 WL 474535, at *2 (D.D.C. Feb. 7, 2024) (emphasis added); *see also United States v. Haley*, 500 F. Supp. 3d 6, 7 (W.D.N.Y. 2020) ("[P]ursuant to the express terms of § 3564(c), . . . the applicable factors set forth at 18 U.S.C. § 3553(a) *must* be considered, *and* the court *must* be satisfied that the early termination of probation 'is warranted by the conduct of the defendant and the interest of justice.'" (quoting 18 U.S.C. § 3564(c)) (emphasis added)).

Under § 3553(a), a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, considering the following factors, among others:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

[and]

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission . . . subject to any amendments made to such guidelines by act of Congress . . .; and

(ii) that . . . are in effect on the date the defendant is sentenced[.]

18 U.S.C. § 3553(a).  Whether to grant a motion to terminate probation is within the trial court's discretion.  *United States v. Hartley*, 34 F.4th 919, 928 (10th Cir. 2022).

## ANALYSIS

Mr. Baron asserts that he has satisfied all conditions of his probation and that, beyond those requirements, he has "taken additional steps to ensure meaningful and lasting change in [his] life."  [Doc. 590 at 1–2; Doc. 590-1].  He argues that his conduct warrants early termination of his probation and that it is in the interest of justice.  [*Id*.].  As explained above, to justify terminating a probationary sentence early, the Court must find that early termination is (1) in the interest of justice; (2) warranted by Mr. Baron's conduct; and (3) consistent with the applicable § 3553(a) factors.  *Rader*, 2024 WL 474535, at *2.

The Court first considers Mr. Baron's conduct by looking at both his compliance with probationary terms and his conduct outside of probation. Compliance with probationary terms is necessary, but not sufficient, to demonstrate that early termination is appropriate. *See United States v. Frankel*, No. 2:17-cr-00242-JFC, 2022 WL 17852029, at *5 (W.D. Pa. Dec. 22, 2022) ("Compliance with the conditions of probation . . . is *required* behavior while serving a term of supervised release."); *United States v. Hemphill*, No. 21-cr-00555-RCL, 2024 WL 578977, at *2 (D.D.C. Feb. 13, 2024) ("[C]ourts have typically held that defendants seeking early termination under § 3564(c) must demonstrate more than just compliance with the terms of probation." (collecting cases)).

Mr. Baron notes that he has complied with all conditions of his probation. *See* [Doc. 590 at 1–2; Doc. 590-1]. The USPO confirms this assertion, noting that Mr. Baron has "complied with every condition of supervision." [Doc. 592]. The USPO also reports that Mr. Baron's Post-Conviction Risk Assessment score is in the "low" category, and individuals in this category "have a 3% arrest rate and less than 1% revocation rate." [*Id.* at 1].

In addition to complying with his probation conditions, Mr. Baron represents he has enjoyed stable employment and residency throughout his probation. *See* [Doc. 590 at 2]. The USPO confirms this and notes that Mr. Baron "has paid his restitution and special assessment fee in full." [Doc. 592 at 2]. Additionally, Mr. Baron represents that he has continued to financially support his parents, who have been living with him and his family since 2022. *See* [Doc. 590 at 2]. These considerations are relevant to the Court's determination and weigh in favor of early termination. *See United States v. Shaw*, 445 F.

Supp. 3d 1160, 1167 (D. Colo. 2020) (finding that the defendant's behavior and conduct warranted early termination where the defendant maintained steady employment and stable housing, had paid his court-ordered fines and restitution, had strong familial relationships, and had demonstrated a "dedication to becoming a positive role model and outstanding citizen"); *United States v. Crisp*, 770 F. Supp. 3d. 1124, 1136 (C.D. Ill. 2025) (finding that "stable employment, a stable residence, [and building] relationships" was conduct that demonstrated that early termination was appropriate).

The Court next considers the applicable § 3553(a) factors.  While Mr. Baron appropriately emphasizes his successes, his Motion provides little direct examination of the § 3553(a) factors, such as the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, and the need to avoid unwarranted sentencing disparities.  *See* [Doc. 590].  Despite this, the Court will undertake its own analysis.

First, while the nature and circumstances of Mr. Baron's underlying convictions are serious, Mr. Baron's pre-offense criminal history is sparse, featuring only a 2008 arrest for possession of liquor by a minor.  [Doc. 464 at 13].  This, alongside his compliance with probationary terms and the USPO's risk assessment, suggests that there is no significant concern about protecting the public from Mr. Baron or deterring Mr. Baron from committing additional offenses.  *See* 18 U.S.C. § 3553(a)(2)(B)–(C); *United States v. Nelson*, No. 17-cr-424-PKC, 2022 WL 125814, at *2 (E.D.N.Y. Jan. 13, 2022) (finding that a lack of violent criminal history weighed in favor of early termination); *see also United States v. Avery*, No. 7:16-cr-00011, 2021 WL 3113503, at *2 (W.D. Va. July 22, 2021) (granting motion for early termination because, "[b]ased on the history and characteristics

5

of the defendant[,] . . . continued supervision no longer promote[d] the goals of deterrence").

The Court also notes that the sentencing guideline range for Mr. Baron's offense was 108 to 135 months' imprisonment, *see* [Doc. 516 at 1], and Judge Arguello departed from that range in her sentence. Although Mr. Baron's sentence was well below the guideline range, the Court does not find that early termination of Mr. Baron's probation would create egregious sentencing disparities, given the numerous case-specific circumstances that result in any particular sentence.

Finally, the Court considers whether early termination is in the interests of justice. "The 'interest of justice' phrase . . . 'give[s] the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period,' . . . or in this case, probation period." *Hemphill*, 2024 WL 578977, at *4 (quoting *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)). And where an individual's conduct goes beyond simply complying with probationary requirements, requiring supervised release to continue can pose obstacles to their reintegration. *See United States v. Etheridge*, 999 F. Supp. 2d. 192, 199 (D.D.C. 2013) (finding that requiring defendant to serve one remaining year of release would be an "obstacle" to reintegration where defendant had reconciled with his family and had maintained employment). While Mr. Baron's Motion contains no explicit argument featuring this factor, his representations in both his Motion and his letter to the Court, [Doc 590-1], supply enough information for the Court to perform its own analysis. Mr. Baron's letter explains that his independent decision of pursuing therapy has "helped [him] develop healthier coping strategies and a stronger sense of accountability" and that he

has made the commitment to be a "dependable family member and a productive, responsible contributor in [his] workplace." [*Id.*].  The Court also considers the USPO's and the Government's non-opposition to Mr. Baron's request.  [Doc. 592; Doc. 593].

Considering all of the relevant factors, the Court concludes that early termination of Mr. Baron's probation is appropriate.  The Motion for Early Termination of Probation is hereby **GRANTED**.

**CONCLUSION**

For these reasons, it is **ORDERED** that:

(1)   The Motion for Early Termination of Probation [Doc. 590] is **GRANTED**; and

(2)   The United States Probation Office is directed to process the early termination of Mr. Baron's probation.


DATED:  June 18, 2026                              BY THE COURT:

_____
Nina Y. Wang
United States District Judge


7